MoEarlaND, JT.,
delivered the opinion of the court:
This bill was filed against the State of Tennessee, Wm. Morrow, treasurer, and others.
Thé object- is to have an adjudication of the question of tlié state’s liability upon certain of its bonds, held by the complainant, and in the event the state be adjudged not liable, then to reach certain funds in the hands of Wm. Morrow, as treasurer, paid over to him under certain acts of the legislature, which funds will, it is claimed, in that *70 event, in equity belong to tlie complainant and other bondholders.
It is conclusive of the case to say that the state cannot be sued without its consent, and if that consent existed previous to the act passed the 21st of February, 1873 [acts-1873, ch. 13, embraced in the Code, sec. 4507], it is certain that the consent, was, by that act withdrawn, and the court thereby deprived of all jurisdiction of suits against the state. This act denies to the courts all jurisdiction of “suits against the state, -or against any officer of the state, acting by authority of the state, with a view to reach the state, its treasury, funds, or property.”
The funds sought to- be reached, are, according to the allegations of the bill, in the hands of ¥m. Morrow, as treasurer, held by him, not individually, but under the authority of the state, through its legislature, and so the suit against him cannot be maintained. But if there were any doubt of this, the bill only claims the right to reach this fund in the event the court shall hold that the bonds in question are not valid obligations of the state, and this question the court cannot adjudge, because all jurisdiction to entertain suits against the state, without limitation or qualification, has been taken away by the act in question.
If justice is denied to the complainant, the responsibility is not with the courts. They cannot pass beyond the jurisdiction fixed and defined by the constitution and laws for the purpose of correcting wrongs and administering remedies which properly belong to other departments of the government.
We cannot usurp jurisdiction for the purpose of doing what might seem to us a justice.
The decree dismissing the bill will be affirmed with costs.